SHAPLEIGH HARDWARE CO VS PERRY BROS.

Opinion delivered January 13, 1900.

*1.  Attachment—Fees of Custodian.*

> Under ⸹ 3249 of Mansfield's Digest, fees for the custody of attached property are properly allowable in the name of the marshal, for the use and benefit of the custodian, but where the allowance is made, without objection, in the name of the custodian, the order making such allowance will not be disturbed on appeal.

*2.  Surety on Cost Bond—Service—Waiver.*

> Sureties on cost bond, who appear without objection upon the hearing of a motion for judgment against them on such bond waive the want of notice.

*3.  Attachment—Custodian's Fee—Evidence—Appeal.*

> Where the evidence upon which the fee of the custodian of attached property was allowed, is not preserved in the record, it will be presumed on appeal that the evidence showed the services were worth the amount allowed.

Appeal from the United States Court for the Central District.

WM. H. H. CLAYTON, Judge.

Suit in attachment by Shapleigh Hardware Co. against Perry Bros. Judgment for the costs and custodian's fees was rendered against plaintiff and its sureties on the cost bond.   Plaintiff and its bondsmen appeal.   Affirmed.

On April 17, 1896, the Shapleigh Hardware Company instituted a suit by attachment in the United States court at Atoka, gave the required bond, and caused a writ of attachment to issue, directed to the marshal of the Central district,

directing him (the marshal) to attach and safely keep the property of the defendants in his district not exempt from execution, or so much thereof as would satisfy the plaintiff's claim and $30 costs. On the same day, the marshal, by his deputy, F. T. McClure, levied on a certain coal mine and mining machinery, and returned the writ, with his certificate of levy as above. On the 2d day of May following, by agreement of parties to the suit, the property attached was released to defendants by an order of Judge Yancey Lewis, which appears on pages 6 and 7, printed record. At the November term, 1896, judgment was rendered in favor of Shapleigh Hardware Company and against Perry Bros. for their debt, and sustaining the attachment. At the March term, 1897, one George Brittain, who was not a party to the suit, or an officer of the court, presented an account in the sum of $153.75 for caring for attached property. On March 27, 1897, he was allowed the sum of $76.87, and that order is in controversy in cause No. 192 on the docket of this court. On December 2, 1897, he was allowed a further sum of $76.37, and judgment entered against the Shapleigh Hardware Company and the sureties on their cost bond, G. A. Cobb and Joe Bogy, for the amount, and from that judgment they appeal to this court.

*Thomas A. Sanson, Jr.*, for appellants.

*Ralls Bros.* for appellees.

SPRINGER, C. J. The first assignment of error in this case is as follows: "There is no statute permitting an allowance of this kind to be made to a so-called 'custodian'; there is no such officer known to our law; and such an allowance and judgment, in pursuance thereof, is nugatory, and not authorized by statute." Section 3249 of Mansfield's Digest, as made applicable to the Indian Territory, requires the marshal or other officer "to safely keep all property taken or

seized under legal process, and he shall be allowed by the court the necessary expenses of doing so, to be paid by the plaintiff, and taxed in the costs." In the case at bar the account for the custodian's services was presented to the court by the custodian himself. It should have been presented by the marshal. But no exception was taken at the time on this ground. If exception had been taken, the court would have allowed an amendment, so as to show that the marshal presented the account for the use of the custodian appointed by him. The effect, so far as the appellants are concerned, would have been the same. They are not prejudiced by the error; and, as they did not take an exception at the time, it is now too late to do so.

The second assignment of error in the case at bar is that "the notice required by law was not given to the sureties or to the Shapleigh Hardware Company." The judgment for the debt and sustaining the attachment was entered on the 17th day of November, 1896. Thereafter, on the 20th day of March, 1897, the appellee, George W. Brittain, filed his account for services as custodian of the property, and on the 27th day of March, the court allowed one half of the amount, namely $76.87, to be paid at once, and postponed, for further consideration, the remaining half of the account; and on the 2d day of December, 1897, the following proceedings were had: "On this day comes on to be heard, the same being a regular day of the term of the court, and come all parties in interest, to wit, Shapleigh Hardware Co., G. A. Cobb, and Joe Bogy, the last two being sureties in the cost bond of said Shapleigh Hardware Co., plaintiffs, and Perry Bros., a partnership, composed of H. T. V. Perry and A. E. Perry. Defendants have had due notice that this cause would be heard during the regular court hours of this day, and proper proof having been made to such service of said notice, and said H. T. V. Perry and A. E. Perry being present in open court, the court doth hear the application of

said Geo. W. Brittain for his further allowance in the afore-
said cause of custodian fees, and, being well and sufficiently
advised in the premises, doth consider and adjudge that the
said Geo. W. Brittain have and recover of said Shapleigh
Hardware Co., a corporation, G. A. Cobb, and Joe Bogy, the
further sum of $76.37." This record disposed of the conten-
tion of appellants that "the notice required by law was not
given to the sureties or to the Shapleigh Hardware Com-
pany." The parties actually appeared without objection, and such appearance was a waiver of any irregularity in the
notice, or even of any notice whatever.

<em>Appearance. Waiver.</em>

The third and fourth assignments of error have been
disposed of in passing upon the first error assigned.

The fifth is that "the allowance of $153.75 was exces-
sive for fifteen days' service, even if it had been made to the
marshal." There is no evidence in the record in reference
to the kind of services rendered by the custodian, or their
value. This court will assume, therefore, that the evidence
before the trial court was ample to support the judgment.

<em>Evidence. Sufficiency. Presumption on appeal.</em>

The appeal in this case was taken from the final order of the
court allowing the custodian the further sum of $76.37. A
previous order had been entered, allowing the custodian the
other half of his account. These two orders were made in
the same case. No appeal has been taken on account of the
first allowance. Hence the order for that half of the claim
stands unaffected by the appeal taken in this case. As the
judgment for the remaining half of the custodian's demand
will be affirmed by this court, the whole amount allowed the
custodian by the two orders of the court, namely, $153.75,
will stand as the judgement of the court below as to the fees
to be allowed the custodian by the two orders in this case.
The judgment of the court below is affirmed.

TOWNSEND, J., concurs.